# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARY LYNN ZAREMBSKI-COLE, a/k/a
MARY LYNN ZEREMBSK-COLE,

        Plaintiff-Appellant,

v

BEDROCK MANAGEMENT SERVICES, L.L.C.,
d/b/a BEDROCK REAL ESTATE SERVICES,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

GUARDSMARK, L.L.C.,

        Third-Party Defendant.

UNPUBLISHED
March 10, 2016

No. 324795
Wayne Circuit Court
LC No. 13-014188-NO

---

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant Bedrock Management Services' motion for summary disposition and dismissing this premises liability action. We affirm.

Plaintiff was attacked in the lobby of the office building where she worked by a woman named Carolyn Winfrey. Winfrey had attacked another employee working in that building about three months earlier. Defendant owned the building and provided security services through a contractor, Guardsmark, L.L.C. Plaintiff sued defendant, alleging that it breached a duty of care owed to her as a tenant in that building.

Eventually defendant moved for summary disposition, arguing that it did not have a duty to anticipate, prevent, or protect against criminal acts of a third party perpetrated against an unidentified person, even if there had been a similar attack against another person in the past. Defendant argued that it fulfilled its duty owed to plaintiff because the police were called when plaintiff was attacked, i.e., after she had been identified as a potential victim. Plaintiff responded to defendant's motion, arguing that defendant owed a heightened duty to maintain the common areas of its building so that it was reasonably safe for its tenants and Winfrey posed a foreseeable

-1-

risk of harm to anyone in her vicinity. The trial court agreed with defendant, holding that defendant fulfilled its limited duty of care to promptly notify the police after plaintiff was attacked during this unforeseeable criminal act and granted defendant's motion for summary disposition. This appeal followed.

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because defendant owed her a duty of care with regard to the criminal act perpetrated by Winfrey. We disagree.

We review de novo the decision to grant summary disposition. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). Because the trial court considered documentary evidence beyond the pleadings, we analyze the motion as granted under MCR 2.116(C)(10). A motion filed under MCR 2.116(C)(10) tests whether a claim has adequate factual support. *Id.* "[T]his Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Id.* The issue whether a defendant owes a plaintiff a duty of care is a question of law considered de novo on appeal. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

In *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413 (2013), our Supreme Court stated that our common law imposes a duty of care when a special relationship exists such as between a landlord and its tenants and their invitees. With regard to liability for the criminal acts of third parties, the *Bailey* Court described the evolution of applicable law as including that, in *Mason v Royal Dequindre, Inc*, the Court held: "merchants have a duty to use reasonable care to protect their identifiable invitees from the foreseeable criminal acts of third parties."[1] *Id*. at 612-613. However, the *Bailey* Court noted, the scope of the merchant's duty was later clarified in *MacDonald v PKT, Inc*, which held: "The duty is triggered by specific acts occurring on the premises that pose a risk of imminent and foreseeable harm to an identifiable invitee. . . . While a merchant is required to take reasonable measures in response to an ongoing situation that is taking place on the premises, there is no obligation to otherwise anticipate the criminal acts of third parties."[2] *Id*. at 613-614. In *Bailey*, the "scope of the duty with regard to residential or commercial landlords" was articulated. *Id*. at 614.

The *Bailey* Court held:

> In keeping with the traditional common-law understanding that landlords and merchants share a similar level of control over common areas that are open to their tenants and other invitees, and thus assume the same duty of reasonable care with regard to those common areas, we hold that a landlord's duty regarding criminal acts of third parties is limited to and coextensive with the duty articulated in *MacDonald*. Thus, a landlord has a duty to respond by reasonably expediting

---

[1] *Mason v Royal Dequindre, Inc*, 455 Mich 391, 405; 566 NW2d 199 (1997).

[2] *MacDonald v PKT, Inc*, 464 Mich 322, 338; 628 NW2d 33 (2001).

police involvement where it is given notice of a specific situation occurring on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee.

Like a merchant, a landlord can presume that tenants and their invitees will obey the criminal law. Because of the unpredictability and irrationality of criminal activity, this assumption should continue until a specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable tenant or invitee. Only when given notice of such a situation is a duty imposed on a landlord. *Notice* is critical to [the] determination whether a landlord's duty is triggered; without notice that alerts the landlord to a risk of imminent harm, it may continue to presume that individuals on the premises will not violate the criminal law. [*Bailey*, 494 Mich at 614-615 (quotation marks and citations omitted; emphasis in original).]

In this case, plaintiff failed to establish that a genuine issue of fact existed on the issue whether defendant's duty was triggered before she was attacked. The record contains no evidence giving rise to a reasonable suspicion or notice that plaintiff was an identifiable person who faced a risk of imminent harm from Winfrey until she assaulted plaintiff without provocation in the lobby of the building. The submitted evidence shows that a security guard noticed Winfrey enter the building, approach the building directory, "and stand there for a few minutes." He approached Winfrey and asked if she needed assistance. Winfrey responded that she wanted to find the Honigman law offices. After she was told its location, Winfrey responded "Okay," and stated that she wanted to continue looking "at the directory for a while." The security guard then turned his attention back to the security desk. Shortly thereafter, he heard a woman scream. He then saw plaintiff lying on the lobby floor near Winfrey, who had been disarmed of a kitchen knife, and a bystander was lying on top of Winfrey.

Plaintiff told police officers that she had been "walking in the lobby area," that Winfrey approached her with a knife, and then Winfrey lunged at her four times during the assault. There is no evidence suggesting that plaintiff and Winfrey shared any connection before the assault. Plaintiff worked on the 16th floor of the building for the Detroit Law Department, an entity distinct from the Honigman law firm that Winfrey had mentioned. The parties do not dispute that Winfrey was arrested about three months earlier for assaulting a Honigman employee who worked at the building. However, that prior assault has no relationship to a potential attack of *this plaintiff*. See *Bailey*, 494 Mich at 599-600.

Defendant's duty of care to plaintiff would have been triggered only after having "notice of a specific situation occurring on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee." *Bailey*, 494 Mich at 614 (citation and internal quotation marks omitted). Because the record reveals that no reasonable risk of imminent harm to plaintiff existed until Winfrey attacked plaintiff, we conclude that defendant did not owe plaintiff a duty of care until the time of the attack. Defendant then satisfied the

limited standard of care to respond by reasonably expediting police involvement.[3]  Accordingly, the trial court properly granted defendant's motion for summary disposition.

      Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

---

[3] We reject plaintiff's claim that the circuit court prematurely granted summary disposition under MCR 2.116(C)(10).  Plaintiff has not identified any specific evidence she anticipated producing that arguably could have created grounds to find that defendant violated a duty.  See *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009) (observing that (C)(10) summary disposition qualifies as premature "if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position").